JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Edward Thomas, | No. CV 07-0258-PHX-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Board of Supervisors, et al., | |
| Defendants. | |

Plaintiff Paul Edward Thomas brought this civil rights action under 42 U.S.C. § 1983 against the Maricopa County Board of Supervisors and Joseph Arpaio, the Maricopa County Sheriff (Doc. #1). Defendants moved to dismiss Plaintiff's Complaint on various grounds (Doc. #9). Plaintiff responded, and Defendants replied (Doc. ##18, 20). Also before the Court is Plaintiff's Motion for Leave of Court to Amend Complaint, which Defendants opposed (Doc. ##19, 23).[1] The Court will deny both parties' motions.

**I.    Background.**

Plaintiff's claims stem from his bookings into the county jails in 2001 and 2006 (Doc. #1). Plaintiff, who was a pretrial detainee, alleges that he was video taped during the initial booking procedure on several occasions. He alleges that Defendants' policy of video

---

[1] The docket reflects that Plaintiff filed two Motions for Leave of Court to Amend Complaint (Doc. ##17, 19). Upon review, these appear to be the exact same motion. The Court will strike the duplicate motion at Docket #17.

monitoring, recording, and displaying on the internet his intake and booking into the jail constituted a violation of rights (id. at 4). In support of his claim, Plaintiff cites to the decision in Demery v. Arpaio, 378 F.3d 1020 (9th Cir. 2004), which held that the use of web cams at the jail violated pretrial detainee's due process rights (id.). The Court ordered Defendants to answer the Complaint (Doc. #4), and they filed a Motion to Dismiss (Doc. #9).

In their motion, Defendants contended that (1) Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), (2) Plaintiff's 2001 claims are barred by the applicable statute of limitations, (3) the jail cam was not active in 2006, and (4) the Maricopa County Board of Supervisors is a non-jural entity (id.). In support, Defendants submitted the affidavits of Susan Fisher and Liz Ybarra (id., Exs. 1 and 2). Fisher, a Sergeant assigned to the Inmate Hearing Unit, attested that any grievance records from Plaintiff's 2001 booking have been purged (id., Ex. 1, Fisher Aff. ¶ 7). Fisher attested that records from 2005 and 2006 reflect that Plaintiff filed two grievances, neither of which related to the jail cam; those grievances concerned canteen requests and his inmate account (id.). Ybarra, the Legal Liaison for the Maricopa County Sheriff's Office, attested that Plaintiff was booked into the county jail in January 2001, March 2001, June 2005, and October 2005 (id., Ex. 2, Ybarra Aff. ¶¶ 1, 3). Ybarra avowed that the jail cam that recorded the booking process at the jail went live in July 2000 but was shut down in April 2002 (id. ¶ 4). Defendants also submitted a copy of the Inmate Grievance Procedure, Policy DJ-3, and a copy of the "Rules and Regulations for Inmates" (id., Exs. A-B).

The Court issued an Order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendants' contentions (Doc. #10).[2] In response, Plaintiff argued that he was never put on notice by Defendants or the jail that he was being monitored by video and exposed on the internet (Doc. #18 at 3). Plaintiff noted that the "Rules and Regulations for Inmates" contain no notice to inmates that they are being

---

[2]Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

recorded by a web cam (id.).  Plaintiff argued that, as a result, he was unaware of the violation at the time and therefore could not have filed a grievance; thus, there were no available remedies (id. at 3-6).

As to the statute of limitations claim, Plaintiff contended that his claims are not barred because he filed his action within two years after the discovery of the right to bring the action (id. at 6).  He argued that he did not become aware of his right to address Defendants' violation until the publication of the decision in Demery, which occurred in 2004.  Plaintiff cites to Ariz. Rev. Stat. 12-502(B) and Hardin v. Straub, 490 U.S. 536, 544 (1989), to support his claim that the statute of limitations is tolled for prisoners (id. at 7).  Plaintiff further argues that his claim is not moot simply because Defendants claim the web cam is down because they are likely to repeat the constitutional violation (id. at 11-13).  Indeed, Plaintiff asserts that the jail reinstated video monitoring and streaming on the internet in 2005 in violation of the Court Order in Demery (id. at 12-13).  In support of his opposition, Plaintiff proffered numerous affidavits from individuals who were confined in the county jails at various time during 1992-1993, 1995-1996, 2001-2006 (id., Exs. 2A-2J, Logan Aff., Morgan Aff., Nations Aff., DuBeck Aff., Torres Aff., Perez Aff., Sifuertes Aff., Ramirez Aff., Yuzzie Aff., Marquez Aff.).

Finally, Plaintiff contends that the Maricopa County Board of Supervisors is a local government entity that may be held liable under § 1983 (id. at 14).  He notes that the Court screened his Complaint and found the Board of Supervisors to be a valid defendant (id. at 16).

In their reply, Defendants argue that Plaintiff's claim that he was unaware of the web cam until after the decision in Demery contradicts his allegations in the Complaint concerning the failure to file grievances (Doc. #20 at 3).  Defendants also argue that the Arizona statute Plaintiff relies on in support of tolling has been amended and no longer provides exceptions for prisoners.  And they contend that even if Plaintiff was not put on notice of a potential claim until Demery was issued in 2004, his 2007 action was filed outside of the two-year statute of limitations (id. at 4).

Meanwhile, Plaintiff has moved for leave to file an amended complaint so that it can "be accurate regarding the issues cited to be amended which determine the future pleadings" (Doc. #19). Defendants oppose the motion on the ground that Plaintiff failed to attach a copy of his proposed pleading as required under the Local Rules of Civil Procedure (Doc. #23).

**II.     Legal Standard.**

   **A.     Exhaustion.**

Plaintiff must exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 919-21 (2007). Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving factual disputes. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

   **B.     Federal Rule of Civil Procedure 12(b)(6).**

A motion brought under Rule 12(b)(6) is a challenge to the sufficiency of the pleading. For purposes of ruling on a Rule 12(b)(6) motion, the Court must take as true the material facts alleged in the Complaint, Hospital Bldg. Co. v Trustees of Rex Hosp., 425 U.S. 738, 740 (1976), and construe the Complaint in the light most favorable to Plaintiff, Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Pro se pleadings must be held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996).

1  The rule of liberal construction of pleadings is "particularly important in civil rights cases."
2  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). To survive dismissal for failure to
3  state a claim under Rule12(b)(6), a complaint does not need detailed factual allegations but
4  it must contain factual allegations sufficient to "raise a right to relief above the speculative
5  level." Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964-65 (2007).
6  Generally, the Court's consideration of evidence outside of the Complaint serves to
7  convert a motion to dismiss into a motion for summary judgment, which requires specific
8  notice to the non-moving party, particularly in the case of pro se prisoner. See United States
9  v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003); Klingele v. Eikenberry, 849 F.2d 409, 411-
10 12 (9th Cir. 1988). The Court may only consider a limited set of documents without
11 converting a Rule 12(b)(6) motion into a motion for summary judgment: documents attached
12 to the Complaint, documents incorporated by reference in the Complaint, or matters that can
13 be judicially noticed under Federal Rule of Evidence 201. Ritchie, 342 F.3d at 908; Lee v.
14 City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

**III.   Analysis.**

   **A.   Exhaustion.**

As stated, Defendants bear the burden of proving lack of exhaustion and therefore must demonstrate that there were remedies available to Plaintiff. See Wyatt, 315 F.3d at 1119; Brown, 422 F.3d at 936-37. Defendants contend that Plaintiff's assertions concerning exhaustion are inconsistent and therefore fail to prove that he could not have grieved his claim (Doc. #9 at 2-3). Plaintiff's statements in his Complaint – "it was not grievable due to its being law," and "no grievance procedure to a policy of the jail" – are unclear (Doc. #1 at 4-5). The Court does not consider them inconsistent with statements in his response memorandum suggesting that he was unaware of the alleged violation at the time it occurred. Also, Plaintiff's use of the grievance system to complain about canteen services and his inmate account does not evince that he could have known about and then grieved the web cam.

Defendants have failed to demonstrate how Plaintiff was supposed to grieve his claim

1 despite being unaware of the violation at the time it occurred. The parties agree that Plaintiff
2 has been in and out of jail over the years, and the Complaint reflects that Plaintiff filed his
3 Complaint while housed in the Arizona Department of Corrections (Doc. #1). There is
4 nothing in Policy DJ-3 that informs an inmate how to grieve an issue after release or transfer
5 from the county jail (see Doc. #9, Ex. A). See, e.g., Bradley v. Washington, 441 F. Supp. 2d
6 97, 103 (D. D. C. 2006) (denying motion to dismiss for lack of exhaustion where inmate was
7 transferred from jail to federal system, and jail's grievance procedures made no provision for
8 submission of complaint for persons no longer detained in the jail).

9 In sum, Defendants have failed to demonstrate that remedies were available to
10 Plaintiff. They have therefore failed to meet their burden to prove nonexhaustion and the
11 motion to dismiss will be denied on this basis.

**B.     Statute of Limitations.**

13 Defendants maintain that Plaintiff's allegations stemming from his 2001
14 incarcerations are time-barred (Doc. #9 at 5). Plaintiff argues that the statute of limitations
15 is tolled for prisoners and does not begin to run until discovery of the right to bring an action
16 (Doc. #18 at 8-9). He contends he did not discover this right until after the Ninth Circuit's
17 holding in Demery in 2004 (id. at 8).

18 In § 1983 actions, the applicable statute of limitations is the forum state's statute of
19 limitations for personal injury actions. Johnson v. California, 207 F.3d 650, 653 (9th Cir.
20 2000). The Court applies Arizona's two-year statute of limitations for personal injury actions
21 to § 1983 actions. Krug v. Imbordino, 896 F.2d 395, 397 (9th Cir. 1990); see Ariz. Rev. Stat.
22 § 12-542(1). The Court must also apply any state rule for tolling the limitations period.
23 Hardin, 490 U.S. at 544; Two Rivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999).

24 Under Arizona's former tolling provision, incarceration was a "disability" that tolled
25 the statute of limitations. Ariz. Rev. Stat. § 12-502(B), amended by Ariz. Rev. Stat. § 12-502
26 (1996); Vega v. Morris, 910 P.2d 6, 9 (1996). As noted by Defendants, however, the statute
27 no longer provides an exception for prisoners (Doc. #20 at 4). The prisoner tolling provision
28 was deleted from the statute by amendment effective April 12, 1996. Ariz. Rev. Stat. § 12-

1  502 (amending Ariz. Rev. Stat. § 12-502(B) (1996)).  Plaintiff's claims therefore are not
2  subject to tolling due to his incarceration.  But this conclusion does not end the tolling
3  analysis.

4  Dismissal on statute of limitations grounds can be granted on a Rule 12(b)(6) motion
5  only if the allegations in the Complaint, read liberally, "would not permit the plaintiff to
6  prove that the statute was tolled." TwoRivers, 174 F.3d at 991 (internal quotations omitted).
7  In his Complaint, which was filed in February 2007, Plaintiff alleged that Defendants utilized
8  the jail cam in 2001 and 2006 (Doc. #1 at 4-5).  Under the continuing violations doctrine, "a
9  plaintiff who shows that a policy and practice operated at least in part within the limitations
10 period satisfies the filing requirements . . . even if some or all of the events evidencing its
11 inception occurred prior to the limitations period." Green v. City of Los Angeles
12 Superintendent of Schools, 883 F.2d 1472, 1480 (9th Cir. 1989).[3]  The continuing violations
13 doctrine tolls the statute of limitations for alleged violations that form part of a pattern of
14 ongoing unlawful conduct.  The continuing violation is marked by the continued unlawful
15 act, which Plaintiff alleges is the use of the jail web cam. See Ward v. Caulk, 650 F.2d 1144,
16 1147 (9th Cir. 1981).  Thus, Plaintiff's claim regarding the use of the jail cam in 2001 is only
17 time barred if the continuing violations doctrine does not apply.  It is not evident from the
18 face of the Complaint whether this doctrine is applicable.

19 It is also unclear exactly when Plaintiff's claim accrued.  Federal law controls the
20 question of when a claim accrues. See Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th
21 Cir. 1994).  A cause of action accrues and the statute of limitations begins to run for a § 1983
22 claim when "the plaintiff knows or has reason to know of the injury which is the basis of the
23 action." Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 926 (9th Cir. 2004) (quotation

---

[3]Although this doctrine is most commonly applied in employment discrimination cases, federal courts have applied it to a variety of § 1983 claims. See Kuhnle Bros., Inc. v. County of Geauga, 103 F.3d 516, 521-23 (6th Cir. 1997) (substantive due process violations); National Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1160, 1167-68 (4th Cir. 1991) (Fifth Amendment takings); Allen v. Iranon, 99 F.Supp.2d 1216, 1238-39 (D. Haw. 1999) (conspiracy and retaliation claims under First Amendment).

omitted). Thus, contrary to Defendants' contention, the limitations period does not necessarily begin to run at the time of the unconstitutional act (see Doc. #9 at 5). Although Plaintiff claims that he became aware of the legal right against being video monitored after the Demery decision in 2004, the record does not reflect when Plaintiff knew or had reason to know of the injury underlying the action. Without a clear indication of when the claim arose, the Court cannot determine when the statute of limitations began to run on Plaintiff's claim.

Because it is not evident when the limitations period began to run or if the continuing violations doctrine is applicable, dismissal on statute of limitations grounds is not warranted at this pleading stage.

### C. Jail Cam Not Active in 2006.

Defendants contend that Plaintiff's claim that he was video monitored in 2006 must be dismissed because the jail cam was not in use at that time (Doc. #9 at 6). To support this contention, Defendants submit the affidavit of Liz Ybarra, who attested that the jail cam was only operated at the jail from 2000 to 2002 (Doc. #9, Ex. 2, Ybarra Aff. ¶ 4). But this affidavit goes beyond matters that the Court may consider on a Rule 12(b)(6) motion to dismiss. See Ritchie, 342 F.3d at 907. Moreover, "factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." Lee, 250 F.3d at 688. Taking the material facts alleged in the Complaint as true, Plaintiff may be entitled to relief on his claim that he was video monitored in 2006. See Hospital Bldg. Co., 425 U.S. at 740. Defendants' request to dismiss this claim will be denied.

### D. Non-Jural Entity.

Defendants argue that the Maricopa County Board of Supervisors is a non-jural entity and therefore cannot be sued (Doc. #9 at 6-7). Defendants are correct that there is no state statute specifically stating that the Board of Supervisors is empowered to sue and be sued. But there are multiple statutory provisions indicating that the Board of Supervisors is a jural entity. The Board of Supervisors has the power to enter into contractual agreements and the power to purchase, lease, and sell property and other interests of the county. Ariz. Rev. Stat.

§§ 11-251(7), (9), (18), (19), (23), (26), (28), (29), (41), (42), (61) and 11-251.02(2), (3). The Court finds that an entity that is capable of entering into these types of agreements must also have the ability to judicially enforce the agreements, or have these agreements judicially enforced against the entity.

More importantly, municipalities and other local governing bodies are included among those "persons" who may be sued under § 1983. Monell v. Department of Social Services of New York, 436 U.S. 658, 690-91 (1978). The Board of Supervisors is a local governing body. See Ariz. Rev. Stat. § 11-251 *et seq*. To maintain a § 1983 claim against a local governing body, the plaintiff must establish a "policy or custom" attributable to the body and allege that the policy or custom was the "moving force" behind the constitutional deprivation. Monell, 436 U.S. at 691-94. As the Court previously determined, Plaintiff's allegations sufficiently alleged the requisite culpability and causation against the Board of Supervisors to state a claim under § 1983 (see Doc. #4 at 2). Defendants' request for dismissal on the grounds that the Board of Supervisors is a non-jural entity will be denied.

**IV.  Motion to Amend.**

Plaintiff seeks to amend his Complaint and requests 60 days in which to file an amended pleading (Doc. #19). Local Rule of Civil Procedure 15.1 requires a party seeking to amend to attach a copy of the proposed amended pleading as an exhibit to the motion and lodge with the Clerk of Court an original of the proposed amended pleading. LRCiv 15.1(a) and (b). Plaintiff's motion to amend is insufficient because Plaintiff did not attach a copy of or lodge a proposed pleading (Doc. #19). Without the proposed pleading, the Court cannot determine whether amendment of Plaintiff's claims is proper. Plaintiff's motion will therefore be denied.

**IT IS ORDERED:**

(1) Plaintiff's duplicate Motion for Leave of Court to Amend Complaint (Doc. #17) is **stricken**.

(2) Defendants' Motion to Dismiss (Doc. #9) is **denied.**

(3) Plaintiff's Motion for Leave of Court to Amend Complaint (Doc. #19) is

**denied**.

DATED this 12th day of October, 2007.

_David G. Campbell_
David G. Campbell
United States District Judge

- 10 -